186 So. 694

**JONES et al. v. GILMER et al.**

3 Div. 265.

Supreme Court of Alabama.

Feb. 16, 1939.

Hill, Hill, Whiting & Rives, of Montgomery, for appellants.

Thomas & Thomas and Walter J. Knabe, all of Montgomery, for appellees.

FOSTER, Justice.

The appeal in this case is limited to one question, and that is one of fact, and concerns the title and right among tenants in common of a tract of valuable property in the city of Montgomery, and some not so valuable in Blount County.

The land was owned by Mrs. Sallie T. Harris at the time of her death on December 23, 1935, while she was insane and an inmate of the hospital at Tuscaloosa, where she had been since 1898. Her heirs at law consisted of seven sisters and brothers or their descendants. One of them, Miss Rebecca Gilmer, had been guardian of the estate of the insane sister, and when the latter died Ed B. Jones, a son of another sister, was appointed administrator. The property had no income value and through the years the guardian had been advancing funds to pay the taxes and for repairs, and had sent clothing to Mrs. Harris, all in the total sum of $2607.08. And another sister Mrs. Susan W. Jones, the mother of Ed B. Jones, had paid similar charges to the extent of $359.95.

The bill sought a removal into equity of the guardianship and for an allowance of those claims on its settlement.

James H. Gilmer was a brother and resided in Little Rock, Arkansas, and had so resided since prior to 1898. Merritt Gilmer was a son of a deceased brother, and resided in Montgomery. They filed a cross-bill seeking a sale of the land for division, alleging their respective interests and that of the others.

In answer to the cross-bill it was alleged that James H. Gilmer had conveyed his interest to his three sisters living at the time, Mrs. Susan W. Jones, Miss Rebecca Gilmer and Mrs. Annie G. Pentecost. The latter, one of the three, has died and left as her only heir Mrs. L. D. Knoblaugh who resides in California.

Issue was made as to the validity of that deed on the ground of the mental unsoundness of the grantor. Such is the agreement of counsel manifested in their argument, so we will not undertake to analyze the sufficiency of the pleading to present the issue. That is the only question argued on this appeal.

The deed in question bears date of February 27, 1936, and was recorded in July 1937. It was prepared under the direction of Mr. Ed B. Jones in Montgomery, sent to Mr. Gilmer by mail, and returned executed in due form. Mr. Gilmer was seventy-three years of age, retired from long service as an employee of the Louisville and Nashville Railroad Company, with a pension of some forty dollars a month. He had very little education, contrary to the condition evident among the other members of the family, though he seems to have been otherwise intelligent. He had made only two visits to Montgomery, where the family lived, and where he was born and reared, one in 1898 and one about 1933. On the occasion of his last visit he had expressed the wish that the three sisters should have his share in the estate of Mrs. Harris. This was before her death, and while he was suffering from no mental disorder. After her death, Mr. Jones wrote him of it and stated that if he had the same view, and did not need his interest it would help out his sisters some. Mr. Gilmer owned a home in Little Rock, which he may have deeded to his wife, evidently now deceased. He had a son who had left home, and was not in touch with his father. He had made some kind of arrangements with a family to live with him in his home.

In reply to Mr. Jones a letter came from Mrs. Brooks, a daughter of the man so

living with Mr. Gilmer, in which she said that he wished to "return his part to" the three sisters, stating their given names. Thereafter Mr. Jones had the deed prepared, and sent to him, and it was promptly returned executed. Mr. Gilmer had no other property or income than as stated.

The court allowed the claims of Mrs. Jones and of Miss Rebecca Gilmer, found that Mr. Gilmer did not have mental capacity to execute a deed, and set it aside, ordering the property sold at not less than $17,500 for the property in Montgomery.

 The only evidence of Mr. Gilmer's insanity was that taken by deposition of residents of Little Rock, who had known him many years, including his physician who had been such for twenty years. His condition both physical and mental was proven with care. We do not think it would serve any useful purpose to make detail of it or discuss it.

We think it sufficient to say that we agree with the trial judge in his finding that it shows mental incapacity on the part of Mr. Gilmer to execute the deed. There was no consideration paid for it, and, therefore, section 6822, Code, has no field of operation, and it is not so contended. .

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.