193 So. 165

**BRANFORD et al. v. SHIRLEY.**

4 Div. 92.

Supreme Court of Alabama.

Jan. 11, 1940

Horton H. Little, of Luverne, and Martin & Jackson, of Dothan, for appellee.

J. Hubert Farmer, of Dothan, for appellants.

634

FOSTER, Justice.

This is an appeal by some of the respondents from a decree overruling their demurrer to a bill in equity to sell land for division, and settle a certain controversy with these appellants respecting the title to a portion of it.

The bill in its form here material alleges that September 15, 1913, Calvin Dykes owned the land consisting of thirty-five acres, and on said day conveyed same to his son C. E. Dykes with his wife joining in the deed. It alleges that the deed contained a condition subsequent that he support and maintain the two grantors and their minor children. That Calvin Dykes died the same year, leaving his widow and children, some of whom were minors. That about the year 1915 C. E. Dykes moved away into another county, and has so lived continuously: that this occurred prior to the enactment of section 8046, Code, and he has not, since doing so, complied with the said requirement.

And in another paragraph, the bill alleges that the widow has resided upon and had exclusive adverse possession of the land from the time her husband died, in 1913, until she died in December 1935: that she held it as her own during all that time, and had the continuous, peaceable, open, notorious, exclusive, hostile and adverse possession, claiming same as her own for more than ten years prior to the date of her death.

And in another paragraph it alleges on February 24, 1916, the said C. E. Dykes conveyed to A. E. Dykes, his brother, fifteen acres of the land, and that he had notice of the condition contained in the deed to C. E. Dykes.

And again on December 28, 1935, the said C. E. Dykes, J. G. Dykes, L. W. Dykes, Gladys Exum and Mettie Branford deeded to W. P. Shiver the other twenty acres of the original thirty-five acre tract, and that he in turn has mortgaged it to Cummins. The grantors to Shiver were children of the original owner and his wife, but not all of them, and the deed was executed a few days after the death of the widow. Complainant is the only child of a deceased daughter of Calvin and Laura Dykes, who had died before they did. Those here complaining are Mettie Branford, Gladys Exum and W. P. Shiver, who are parties to the deed of the twenty acres made to Shiver, and James Dykes is also an appellant. He is a son of A. E. Dykes, grantee in the deed to the fifteen acres. The other children of A. E. Dykes filed separate demurrer, which was separately overruled, and they have not appealed nor assigned error. But James Dykes joined in the demurrer of the other appellants.

So that on this appeal the title to both tracts is involved, but we think they are governed by the same principles. Though the deed to A. E. Dykes was made in 1916, there appears never to have been made the assertion of claim under it until after the death of the widow in 1935. It is also noted that C. E. Dykes, the original grantee in the deed thought to have a condition subsequent, does not join in the demurrer or make other defense.

The only grounds of demurrer go to the equity of the bill generally (not here insisted on), and the time element, by way of the statute of limitations, staleness of the claim, and laches. They do not question the claim made in the bill that the terms of the deed in 1913 create a condition subsequent. No fraud is charged in any respect.

■ The deed was made prior to the enactment of section 8046, Code. That provision of the law does not affect a deed executed prior to its enactment, though the covenant to support was also breached before that statute became effective. As to all such deeds, fraud must be alleged, unless they are expressly or impliedly made defeasible for breach of the covenant. Woods v. Wright, 223 Ala. 173, 134 So. 865; Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A.1918F, 353; Johnson v. Chamblee, 202 Ala. 525, 81 So. 27. But the sufficiency of the bill in that respect is not here presented, either in demurrer or argument.

The only contention here made is that the right of complainant to maintain this suit is barred by lapse of time. The court held that it is not so barred.

As we understand the bill, complainant's mother, a child of Calvin and Laura Dykes, died before either of her parents; that she is now over twenty-one years of age, but when she became such age we do not find; that the covenant was broken in 1915, and never thereafter observed by C. E. Dykes. So that if there was a right to vacate the deed, that right came into being in 1915, as alleged in the bill. At that time, the widow was in possession and remained in possession as long as she lived, and for over twenty years after the breach is alleged to have occurred. It is not alleged that complainant resided on the land at any time. So that after its breach, the right to vacate the deed, if it existed, was in the widow by virtue of her dower and homestead rights, and in the children or heirs. Any or all of them could then proceed to declare that right. But it was not necessary to take action by those, if any, who were in possession all that time, in the absence of adverse claims. Lewis v. Owen, 231 Ala. 480, 165 So. 229; First National Bank v. McIntosh, 201 Ala. 649, 79 So. 121, L.R.A.1918F, 353. No claim of laches or limitations has application to one in the full and sole possession of the rights sought to be barred. See, Williams v. Anthony, 219 Ala. 98, 121 So. 89.

It is true that the heirs could also in that time have begun proceedings to that end, and perhaps should have done so, had the land been in possession of one claiming under the deed sought to be vacated, or had he asserted his adverse right in other respects, notwithstanding the widow was still in being. Herren v. Beck, 231 Ala. 328, 164 So. 904; Ussery v. Darrow, Ala.Sup., 188 So. 885(6).[1] But their right was jointly with that of the widow in that respect, and her possession was theirs insofar as the rights of the persons who claim under that deed are concerned. If she was not barred on account of her possession, the heirs of Calvin Dykes should not be so held. Since there was no adverse claim under that deed until after the death of the widow in 1935, complainant is not barred by lapse of time on account of any applicable principle.

Moreover, the demurrer is addressed to the bill as a whole. It is certainly not subject to demurrer on account of limitations to the extent that it alleges title in Laura Dykes, the widow, by adverse possession. Since her death, it is not barred, and complainant is one of her heirs. So that the demurrer of these appellants to the bill was overruled without error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

