4 So.2d 740

**KING et al. v. KING et al.**

**8 Div. 72.**

Supreme Court of Alabama.

Oct. 9, 1941.

Rehearing Denied Nov. 21, 1941.

Oliver D. Street, of Guntersville, for appellants.

Marion F. Lusk, of Guntersville, for appellees.

BROWN, Justice.

The contention of appellees that the right to rescind a conveyance, made in consideration of an agreement of the grantee to support the grantor, conferred by § 8046 of the Code of 1923, § 15, Tit. 20 of the Code of 1940, is personal to the grantor and does not survive in favor of his heirs, is not presented on this record.

While the circuit court ruled against this contention, the appellee failed to make a cross-assignment of error predicated on that ruling. Moreover, neither of the deeds in question falls within the influence of said section of the Code, which first appeared in the Code of 1923, and became effective on the 17 day of August, 1924. The first deed was executed on the 18 day of January, 1923, and was filed for record on the 9 day of April, 1923. Woods et al. v. Wright, 223 Ala. 173, 134 So. 865.

The second deed purports to cancel the first on the theory that it was within the influence of said section and was revokable at the will of the grantor, notwithstanding the statute prescribed the method of revocation, i.e., a proceeding "in equity to annul such conveyance." Code of 1923, § 8046.

Said second deed purports to reserve in the grantor a life estate, grant a life estate to the grantee, and a life estate to the grantee's son, with remainder in fee to the heirs of his body, and in default of such heirs, to the bodily heirs of the grantor's son.

That deed was made "in consideration of the love and affection of the grantor herein named for his son the said Edgar King and his grandson, Edgar King, Jr. (son of the grantor's) and in consideration of the sum of one dollar in hand paid to the said grantor herein by the said Edgar King."

If it should be conceded that evidence going to show that said deed was made in consideration of an agreement to support the grantor was admissible no such evidence was adduced. In fact the complainants' evidence goes to show that said grantor declared on the day the deed was ex-

ecuted, and before its execution that he was "going to do something that might send him to the poor house."

The first contention of appellants is that the material allegations of the bill are admitted by the answer, and the allegations so admitted raise a presumption of fraud and undue influence, make a prima facie case for complainants, shifting the burden of going forward with the evidence and showing that the transaction was free from fraud and undue influence.

This contention cannot be sustained. The allegations referred to are found in paragraph two of the bill, to wit: "That the defendant Edgar King is the son of complainant, and is a young man in the prime of his mental and physical vigor, and has been since and before and during the matters complained of herein, and that defendant is old, feeble, infirm and ill and has been before and since and during the matters complained of herein."

Paragraph 1 of the answer is: "That the facts stated in Paragraphs 1 and 2 are admitted in substance as therein stated, except as to complainant Evan King being feeble, infirm and ill on or about or soon after the 18th day of January, 1923, and from then on down to the 1st day of May, 1929, and especially is it denied that the said Evan King was so feeble, or so infirm, or so ill that he was not possessed of all his mental faculties, and was not what is termed in law sui juris, he was not so old that he was affected in any way that could be termed senile or suffering from senile mental incapacity."

The allegations of paragraph two admitted are: "That the defendant Edgar King is the son of complainant, and is a young man in the prime of his mental and physical vigor, and has been since and before and during the matters complained of herein."

These admitted allegations fall far short of reversing "the order of nature" and overruling the presumption that the parent was the dominant party in the transaction. Bell et al. v. Moss et al., 236 Ala. 437, 183 So. 424.

The evidence adduced wholly fails to sustain the allegations of the bill that the execution of the deed of January 18, 1923, was superinduced by fraud or undue influence. Said deed is a deed of bargain and sale founded on a valuable consideration and conveyed to the said Edgar King, Sr., an indefeasible title, incumbered only by a condition subsequent or covenant, which has spent its force, through the death of both of the grantors. Where there is conflict between the granting clause in a deed and the habendum clause, the granting clause governs. Dickson et al. v. Van Hoose et al., 157 Ala. 459, 47 So. 718, 19 L.R.A.,N.S., 719; McClelland v. Coston, 227 Ala. 267, 149 So. 697; Vizard v. Robinson, 181 Ala. 349, 61 So. 959.

The burden was on the complainant to sustain the allegation of the bill. Branford et al. v. Shirley, 238 Ala. 632, 193 So. 165; Woods et al. v. Wright, supra.

The deed of January 18, 1923, standing unimpeached the grantor Evan King had nothing to convey, or pass on through the process of devolution to his heirs at law.

The complainants failed to sustain by proof the further allegations of the bill that the execution of the second deed was procured by undue influence.

The decree of the Circuit Court dismissing the bill is therefore free from error.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

### On Rehearing.

BROWN, Justice.

The appellant invokes the well-settled rule of law "that in transactions inter vivos, where a party stands in confidential relations to another, such as that of parent and child, guardian and ward, attorney and client, priest and penitent, etc., if the dominant party receives the benefit or donation during the existence of such relation, the party reposing the confidence, on seasonable application to a court of equity, may obtain relief from the burdens and duties imposed simply by showing the transaction and the confidential relation; the presumption of the law being that as long as the relation lasts the transaction is the result of undue influence, and to make the transaction good in law there must be a severance of such relation, at least for the time being, and the party reposing the confidence must have competent and independent advice. In such cases the burden of proof rests upon the party claiming the benefit under the transaction to repel the presumption thus created by the

law by showing a severance of the relation." McQueen v. Wilson et al., 131 Ala. 606, 31 So. 94, 95.

The fault in appellant's insistence is that he has failed to show, as pointed out in the foregoing opinion, that the dominant party received the benefit.

The presumption of law is that the father, the grantor, was the dominant party in the transaction and this presumption has not been repelled by either the admitted allegations or proof. Bell et al. v. Moss et al., 236 Ala. 437, 183 So. 424.

The application is due to be overruled. It is so ordered.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.