14 So.2d 513

**HAWKINS et al. v. THIRD.**

**7 Div. 731.**

Supreme Court of Alabama.

June 5, 1943.

Rehearing Denied June 30, 1943.

Embry & Weaver, of Pell City, for appellant.

Jas. A. Embry and W. L. Acuff, both of Ashville, for appellee.

LIVINGSTON, Justice.

The bill of complaint seeks to cancel, set aside and hold for naught the deed under which respondent claims to own the lands involved, and a sale for division among the alleged joint owners of said lands. The trial court sustained demurrers to the bill and dismissed it. Hence this appeal.

In substance, the bill as amended alleges that complainants and respondent are all the heirs at law and next of kin of Julie Hawkins and her husband, P. F. Hawkins, both deceased. That on, to-wit, April 4, 1912, Julie Hawkins and her husband were occupying the lands involved as a part of their homestead; that they were advanced in years, and in need of attention and assistance in their declining days; that Eller Hawkins, an unmarried daughter of Julie Hawkins and her husband, P. F. Hawkins, lived in the home with her parents; that in order to provide for their support and maintenance and their burial upon their death, Julie Hawkins and P. F. Hawkins executed a deed conveying the lands involved to Eller Hawkins, which deed was filed for record in the office of the Judge of Probate of St. Clair County, Alabama, on, to-wit, May 29, 1912. A copy of said deed is attached to and made a part of the bill, and is in words and figures as follows:

"The State of Alabama: St. Clair County.

"Know all men by these presents, that for and in consideration of love and affection and one dollars to the undersigned grantors P. F. Hawkins and Julie Hawkins in hand paid by Eller Hawkins, the receipt whereof is hereby acknowledged we

do grant, bargain, sell and convey unto the said Eller Hawkins the following described real estate, to-wit: NW 1/4 of NE 1/4 and NE 1/2 of SW 1/4 of NE 1/4 section 7, Township 16, Range 2 East. It is understood and is our intention that the said Eller Hawkins is to take care of us and each of us during our life time, render us the best attention possible, medical, food and clothing and see that we (are) properly and respectfully buried. It is further understood and is our intention that if the said Eller Hawkins fails in any part to comply with the face of this deed, then the title goes back to us.

"Mineral reserved.

"It is further understood and is our intention that the said Eller Hawkins is not to share in any other land or lands that we may own at our death situated in St. Clair County, Alabama.

"To have and to hold to the said Eller Hawkins, her heirs and assigns forever.

"And we do, for our heirs, executors and administrators, covenant with said Eller Hawkins, her heirs and assigns, that ———— lawfully seized in fee simple of said premises; that they are free from all incumbrances, and that we *are* have a good right to sell and convey the same as aforesaid; that we will, and our heirs, executors and administrators shall, warrant and defend the same to the said Eller Hawkins her heirs, executors and assigns forever, against the lawful claims of all persons.

"Given under our hands and seals, this 4 day of April, 1912.

(Her)<br>Julie x Hawkins (L.S.)<br>(mark)

(his)<br>P. F. x Hawkins (L.S.)"<br>(mark)

"Witness:
"Lonnie Veasey
"M. V. Wilson

The bill as amended, in substance, further avers that after the execution of said conveyance, the daughter, Eller Hawkins, continued to reside with her parents, the grantors in said conveyance, and rendered such services as an unmarried daughter would, until the death of said P. F. Hawkins, which occurred about one month after the execution of the conveyance; but that she did not provide any medicine, food or clothing for said grantors, and did not pay,

or contribute to the payment of, the expense of burying P. F. Hawkins; that after the death of P. F. Hawkins, the said Eller Hawkins continued to reside with her mother, rendering such services as were customary for an unmarried daughter to render an elderly mother in that station in life until Eller Hawkins became sick, and on account of which illness she died about the year 1916; that Eller Hawkins left surviving her two children, Ethel Third, the respondent, and W. C. Hawkins; that W. C. Hawkins conveyed his interest in the lands to Ethel Third; that after the death of Eller Hawkins, Julie Hawkins procured I. E. Arnold and his wife, Missouri Arnold, the son-in-law and daughter of Julie Hawkins to take care of her, and to move into the home and live with her, and to occupy and cultivate the land involved, and that they did move into said home and live with the said Julie Hawkins, and did occupy and cultivate said lands and applied the rents and profits therefrom to the care and support of the said Julie Hawkins until her death, which occurred about June 1927; that after the death of Julie Hawkins, I. E. Arnold continued to occupy, cultivate and use said lands until the year 1929; that after Arnold moved from the lands, the respondent Ethel Third entered into the possession of, and claims to own the same. Shortly after the death of Julie Hawkins, and on, to-wit, July 18, 1928, Lewis A. Hawkins and Thomas P. Hawkins filed a petition to sell the lands involved in this suit for division, naming Leathy Thompson, Missouri Arnold, John W. Hawkins, Mrs. A. L. Dobbs, W. R. Lawley, Ethel Third and Cecil Hawkins as respondents, and which said suit remained pending in the Circuit Court of St. Clair County, Ashville Division, for about eight years, and which suit was then disposed of: that on or about September 23, 1936, said Lewis A. Hawkins and others filed a suit in ejectment in the Circuit Court of St. Clair County, Northern Division, and which said suit was dismissed at a subsequent term of said court. (The bill does not allege who was, or were, defendant or defendants in the ejectment suit.) The bill then alleges, "complainants show unto the court that they have at all times since the accrual of their right to institute proceedings been diligent and have not been guilty of any laches in and about setting up their said rights."

 Construed from its four corners, the deed to Eller Hawkins is a deed of bar-

gain and sale founded on a valuable consideration, and conveyed to her a fee-simple title, incumbered only by a covenant. Here the breach alleged was of a peculiarly personal obligation, obviously beneficial to the grantors alone and not available in kind to their heirs or assigns. Where the grantors claimed no breach, retained no right of re-entry, and did not seek rescission or cancellation in their lifetime, the heirs at law cannot complain after the grantors death. King v. King, 242 Ala. 53, 4 So.2d 740; 26 C.J.S., Deeds, § 148, pp. 482, 483; Haslinger v. Gabel, 344 Ill. 354, 176 N.E. 340; Malicki v. Malicki, 189 Minn. 121, 248 N.W. 723; Gamble v. Mosloski, 187 Minn. 640, 246 N. W. 368; Rhodes v. Black, 170 S.C. 193, 170 S.E. 158; Little v. Little, 205 N.C. 1, 169 S.E. 799.

There is no error in the record, and the cause is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.