48 So.2d 543

## FREEMAN v. DELORME.

### 6 Div. 913.

Supreme Court of Alabama.

Nov. 9, 1950.

Julian Bland and Earney Bland, of Cullman, for appellant.

Verbon E. Owen and Herman J. Stewart, ·of Cullman, for appellee. ·

LIVINGSTON, Justice.

Section 15 of Title 20, Code of 1940, provides: "Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgages without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

Invoking the provisions of the foregoing statute, W. S. Delorme, Sr., instituted proceedings in the Circuit Court, in Equity, of Cullman County, Alabama, against his son W. S. Delorme, Jr., and one Coax Freeman.

The bill of complaint alleges that complainant conveyed to his son certain described real estate upon the son's agreement to support him for life; that the son, in turn, conveyed the lands to respondent, Coax Freeman, but that Coax Freeman knew at the time he accepted the conveyance from the son that the conveyance from the father to the son was executed and delivered in consideration of the son's agreement to support the father for life.

The bill further alleges, in the alternative, that if Coax Freeman did not know at the time the son conveyed the lands to him that the conveyance from the father to the son was executed and delivered in consideration of the son's agreement to support the father for life, then, in that event, the deed from the son to Coax Freeman was nevertheless void because it was executed and delivered without consideration therefor and at a time when the son was mentally incompetent to execute and deliver the same.

Though perhaps not artfully drawn, we construe the prayer of the bill as seeking a decree to the effect that the property was conveyed by the father to the son in consideration of his promise to support the father for life, and that Coax Freeman had notice of the agreement at and before any purported conveyance of the property

was made to him, and, if mistaken in the averment that said Coax Freeman had notice of the consideration moving from the son to the father, then in that event a decree to the effect that the deed from the son to Coax Freeman was executed and delivered without consideration and at a time when the son was mentally incompetent to make a deed, and that, therefore, the deed from the son to Coax Freeman was null and void; that the deed from the father to the son is void, and that the deed from the son to Coax Freeman is void for one or the other reason set out or for both reasons, and that the deeds be delivered up and cancelled. The bill also contains a prayer for general relief.·

Coax Freeman demurred to the bill of complaint. The court overruled his demurrer. He then moved the court to set aside the decree overruling his demurrer and after a hearing the motion was denied. Freeman appealed, assigning only two errors, viz., the overruling of the demurrer and the denial of the motion.

 The principal argument made here is that the bill is multifarious. As we understand it, appellant insists that the father in this cause cannot obtain relief based on one of two alternative grounds, when it is necessary under one of these alternatives to set up the insanity of his grantee and the lack of consideration for his conveyance, in an attempt to recover lands which his grantee has disposed of; that the transaction between the father and son, and the transaction between the son and Coax Freeman are entirely different and unconnected, and that two separate suits will have to be prosecuted to avoid the two deeds. Appellant seems to apprehend the possibility of a decree declaring the conveyance from the son to him void on account of the mental incapacity of the son and lack of consideration, and a decree to the effect that the conveyance from the father to the son is valid because not based on a consideration of support. But such is not the case. The father, in order to recover as against the respondent, Coax Freeman, whether on the theory that he had knowledge that the consideration for the conveyance from the father to the son was the support of the father by the son, or the theory that the conveyance from the son to Coax Freeman was void on account of the mental incapacity of the son and lack of consideration, would first have to show that his conveyance to the son was within the provision of section 15, supra. It is always difficult to determine just when multifariousness has infected a bill of complaint, as we stated in the case of Allgood et al. v. Bains et al., 247 Ala. 669, 26 So.2d 98, 102: "The courts have found it difficult to give any distinct definition of multifariousness, and the cases so nearly approach each other that it is difficult to distinguish them. No universal rule in regard to multifariousness can be laid down to cover all possible cases. It is largely a matter of discretion, and every case must, in a measure, be controlled by what is convenient and equitable under its own particular facts, subject to the recognized principles of equity jurisprudence."

 The following quotation from Adams v. Jones, 68 Ala. 117, is approved in the Bains case, supra: "And it is always proper to exercise this discretion in such manner as to discourage further litigation about the same subject matter and prevent a multiplicity of suits, and never so as to do plain violence to the maxim that courts of equity 'delight to do justice and not by halves.'"

In cases involving the fraudulent transfer of property, the courts permit a creditor to pursue the property involved notwithstanding the fact it has passed through different hands in different transactions, because there is a singleness of purpose in the bill of complaint, the recovery of the property. Wilson et al. v. First National Bank of Gadsden, 209 Ala. 70, 95 So. 340.

 There is a singleness of purpose in the instant bill, the recovery of real estate as provided for in section 15, Title 20, Code. If under the statute, the father recovered from the son in a suit against him alone, the title to his real estate would not be free of the claim of Freeman until a court of competent jurisdiction so decreed.

 Under the allegations of the bill to the effect that W. S. Delorme, Jr., was

insane at the time of the conveyance by him to Freeman, and that it was without consideration, the conveyance would be void. Section 43, Title 9, Code of 1940. The validity of such a conveyance is not within the protection of Title 9, section 41, Code. Jones v. Gilmer, 237 Ala. 284, 186 So. 694.

Moreover, if the deed from the son to Coax Freeman was executed and delivered without consideration, Freeman would not be a bona fide purchaser for value as contemplated by section 15, Title 20, supra, and this would be so without regard to the sanity or insanity of the son.

The bill was not subject to the demurrer, nor did the trial court err in overruling appellant's motion to set aside the decree.

Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.