71 So.2d 526

McADORY v. JONES et al.

6 Div. 592.

Supreme Court of Alabama.

March 25, 1954.

McEniry, McEniry & McEniry, Bessemer, for appellant.

Lipscomb & Lipscomb, and L. Herbert Etheridge, Bessemer, for appellees.

PER CURIAM.

This is an appeal from a final decree of a court of equity cancelling a deed executed on June 12, 1946 by Madison McAdory to Tom McAdory.

The bill alleged that Madison died intestate September 2, 1951, and complainants are some of his heirs at law. The other heirs are made respondents together with Tom McAdory. All are Negroes. Madison's heirs were brothers and sisters or their descendants. Tom at that time was not an heir, but the son of a brother who

died pending the suit, as appears from an amendment filed December 4, 1952.

The grounds on which complainants sought relief in their bill as amended were (1) that the consideration recited in the deed was to support the grantor for life and furnish him a place to live during his lifetime, and that the grantee "never supported the said Madison McAdory, the grantor in said deed, nor did he, the said Tom McAdory in any way comply with the terms of the deed or pay any of the subsequent consideration expressed in said deed. The said Madison McAdory was supported by the welfare department on relief, and died at the county home at Ketona, after spending his later days at said county home as a ward of the county of Jefferson".

There was a demurrer on general grounds filed by Tom McAdory, and a decree pro confesso was rendered against the other respondents. That demurrer was overruled. Thereupon Tom McAdory filed an answer denying the allegations of the bill. In that status the trial was had on oral testimony before the trial judge. Pending the same complainants filed an amendment to the bill adding the second aspect, which was the mental incapacity of Madison McAdory to make the deed. A demurrer to the bill as amended was overruled.

The final decree does not clearly state whether it is based on the first or second aspect. Counsel for appellees in their brief concede that it is based on the first aspect and argue the points so involved, not considering the second aspect—insanity. We will so treat the cause in reviewing the decree.

■ Complainants do not rely on section 15, Title 20 of the Code, although the deed sought to be annulled was executed after that statute was enacted. That statute became the law of Alabama with the adoption of the Code of 1923, effective August 17, 1924. The grantor in the deed here in question did not take advantage of the right to cancel the deed, conferred by that statute, and his heirs therefore do not have the benefit of that statute, nor do they claim such right. The only derivative right which the heirs of the grantor have under that statute is where the grantor himself instituted the suit to cancel the deed and died pending the suit. In that event the suit can be revived by his heirs and prosecuted to the same effect that the grantor himself could have done. Heartsill v. Thompson, 245 Ala. 215, 16 So.2d 507; Clyburn v. Toney, 245 Ala. 341, 17 So.2d 235; Woods v. Wright, 223 Ala. 173, 134 So. 865, and Johnson v. Chamblee, 202 Ala. 525, 81 So. 27.

■ The rule in that connection is that when a right is conferred on a certain named class of persons no one other than a member of that class may maintain a suit to enforce it. It is not assignable nor descendible. Ex parte Liddon, 225 Ala. 683 (6), 145 So. 144. It is within the State's police power thus to enact. Heartsill v. Thompson, supra; Bush v. Greer, 235 Ala. 56, 177 So. 341.

These principles are recognized by appellees' counsel and they do not claim the benefit of section 15, Title 20. They claim the right to institute a suit to vacate said deed after the death of the grantor because of the failure of the grantee to comply with the covenant to support the grantor during his life, based upon broad grounds which, without a statute, a court of equity worked out under the circumstances in order to do justice. They claim that such equitable right still exists independently of the statute.

We find in our cases that there is some confusion in stating distinctly the right which a court of equity would enforce in respect to a deed made prior to the effective date of the statute. The principle of fraud, actual or implied, is sometimes said to be a necessary element of that right. Bradford v. Shirley, 238 Ala. 632, 193 So. 165.

■ When fraud is the basis upon which relief is sought against a contract and the fraud is dependent upon a breach of the covenant by the other party to the contract, it is usually necessary to allege and prove that at the time the contract was made the covenantor had no intention of

complying with his obligation, but that he entered into it at that time with the intention of defrauding the other party to the contract. A mere breach of his contract is not sufficient to support a charge of fraud. But it was observed in the case of Bank of Hartford v. Buffalow, 217 Ala. 583, 117 So. 183, 185, that: "Fraud is sometimes imputed to a course of conduct which will work a fraud on the confiding grantor". In making that observation the court was evidently referring to what was said in that connection in the case of Hyman v. Langston, 210 Ala. 509, 98 So. 564, 565, in which the court was there referring to several cases in 208 Alabama, to wit: Mooney v. Mooney, 208 Ala. 287, 94 So. 131; Ballenger v. Ballenger, 208 Ala. 147, 94 So. 127, and Russell v. Carver, 208 Ala. 219, 94 So. 128, where it was said: "And, further, fraud apart, this court has held that relief will be afforded against conveyances for support, on nonperformance of the agreement, on the broad ground that there is no adequate relief at law, and equity will not permit a party to enjoy the fruits of a contract when he deliberately refuses to perform the obligations thereby imposed upon him".

The circumstances which supported such a claim usually existed when the grantor was aged, weak or afflicted and the grantee had imposed upon him by making a promise of support without the intention of carrying it out and refusing to do so. Bush v. Greer, supra; Woods v. Wright, supra.

Appellees claim the benefit of the principle which was given effect in those cases and further claim that it was not superseded by the statute, supra, which is now section 15, Title 20, § 15, Code.

We think there are two reasons why the appellees cannot invoke that principle, assuming that the allegations of the bill are sufficient to that end. One reason is, we think, that the principle of those cases was superseded by the statute in question. In enacting that law the legislature was taking care of the grantor in a deed where a material part of the consideration was a promise to support him for life and under its terms it is immaterial whether that promise has been kept or not. There were two results, we think, which were fixed by that statute. One was that the grantor was given the privilege or option at any time during his life to have the deed vacated by taking proceedings in court, although there was no intent to defraud and although the grantee may have been performing his duty under his obligation to support. The other result fixed by the enactment was to confine that right to the grantor and limit it to his lifetime. That limitation is not confined by the statute to a situation where the grantee is complying with his covenant and entered into it without fraud, but the statute extended the limitation to a situation where the grantee entered into the obligation with the intent of defrauding the grantor and the grantee has refused to comply with his obligation, and also extended the limitation to all rights existing in that connection before it was enacted. The statute is all embracive, so that in any such situation the grantor has the privilege of instituting proceedings in court during his lifetime to annul the conveyance and that right is limited to him by the statute. The recitals of the bill in this case show that the statute has application.

Another reason why these complainants cannot maintain this suit upon the allegations of their bill is that, assuming that the suit is not controlled by the statute supra, it has been held by this court, in accord with authority elsewhere and on sound principle, that the obligation on the part of the grantee to support the grantor is peculiarly personal to the grantor and if the grantor is satisfied, conclusively evidenced by his failure to take steps in equity to have the deed vacated, no one else during his life or after his death can do so for the failure to discharge such a peculiarly personal benefit. Hawkins v. Third, 244 Ala. 534, 14 So.2d 513; King v. King, 242 Ala. 53, 4 So.2d 740.

The court overruled the demurrer to the bill when it was predicated solely upon the principles which we have discussed. The demurrer should have been sustained to the bill in that status. Later,

as said above, during the progress of the trial the complainants amended their bill in an effort to invoke a right to vacate the deed in question on the ground that at the time of executing it the grantor was of unsound mind and mentally incapable of executing a valid deed. A demurrer to the bill, after that aspect had been added, was also overruled by the court. That ruling was without error. Jones v. Gilmer, 237 Ala. 284, 186 So. 694; Freeman v. Delorme, 254 Ala. 445, 48 So.2d 543. The successor of the grantor may maintain a bill to cancel the deed for such invalidity. 12 C.J.S., Cancellation of Instruments, § 45, p. 1016, note 21.

As indicated above, that aspect of the bill which seeks to vacate the deed on account of the unsoundness of mind of the grantor is not relied upon by appellees to support the final decree. As pointed out by them the decree indicates the view of the trial court that the deed should be vacated for the failure to comply with the covenant to support, without deciding the question of unsoundness of mind of the grantor.

In reversing the final decree we leave that question open for further trial and determination. Upon the basis of the foregoing reasoning, the decree dated July 3, 1952, overruling the demurrer to the bill as it then stood, should be reversed. See, Ex parte Waldrop, 228 Ala. 38, 152 So. 44; section 755, Title 7, Code. The decree of April 16, 1953, overruling the demurrer to the bill after it had been amended by including the unsoundness of mind of the grantor, was without error and should be affirmed. The final decree granting relief to the complainants should be reversed and the cause should be remanded for trial of the issue of unsoundness of mind of the grantor, having regard to the requirements of the statute. Section 41, Title 9, Code; Jones v. Gilmer, supra.

The foregong opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the CHIEF JUSTICE under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Reversed in part, and in part affirmed, and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and MERRILL, JJ., concur.