**E. Frank SANDERS, as Executor of the Estate of Grant Minnich, Deceased, Plaintiff,**

v.

**Nina C. HOPPES, Defendant.**

**Civ. A. No. 1603.**

United States District Court
S. D. Alabama, S. D.

March 29, 1957.

Norborne C. Stone, of Chason & Stone, Bay Minette, Ala., for plaintiff.

J. B. Blackburn and James R. Owen, Bay Minette, Ala., for defendant.

THOMAS, District Judge.

The original plaintiff, now deceased, brought this action pursuant to Code of Alabama 1940, Title 20, Section 15.[1] The single issue to be decided is whether or not a material part of the consideration for the deed was an agreement by the grantees to support the grantor during life. The case was tried to the court without jury during the life of original plaintiff. While the case was under submission, plaintiff died and the action was revived in the name of his executor.

Findings of Fact

At the time of the filing of this action, the original plaintiff was an adult citizen of Alabama. The defendant was an adult citizen of Ohio, and the value of the deeded property, located in Baldwin County, Alabama, exceeded $3,000.

The original plaintiff died July 20, 1956, and E. Frank Sanders, the present plaintiff, was appointed by the Probate Court of Baldwin County, Alabama, on August 29, 1956, as executor of the estate of Grant Minnich, deceased. For the sake of brevity, the original plaintiff will hereinafter be referred to as the plaintiff.

There are no bona fide purchasers for value, lienees, or mortgagees without notice, who would be affected by this proceeding.[2]

1. Code of Alabama 1940, Title 20, Section 15. *"Right to rescind conveyance made upon promise of support.*—Any conveyance of realty, of which a material part of the consideration is the agreement of the grantee to support the grantor during life, is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor he takes proceedings in equity to annul such conveyance."

2. See footnote 1.

The two grantees named in the deed executed by Grant Minnich on January 10, 1946, were J. D. Hoppes and Nina C. Hoppes, husband and wife, "during their joint lives, and upon the death of either of them, then to the survivor of them in fee simple." On the bottom of the deed, above the certificate of the notary, the grantor wrote, in his own handwriting, "This deed effective only after my death. Grant Minnich." J. D. Hoppes, husband of the defendant, died December 11, 1951. Nina C. Hoppes, the defendant, is the sole devisee and legatee under his last will and testament, admitted to probate and recorded in Baldwin County, Alabama, and in the State of Ohio.

The defendant, Nina C. Hoppes, had been employed by the plaintiff as a dental assistant for a number of years prior to plaintiff's retirement in late 1946 or early 1947 from the practice of dentistry. During the period of her employment, there had developed a strong bond of friendship between employer and employee, and between employer and employee's husband.

In 1943, the plaintiff suffered a near fatal accident. The defendant and her husband gave of their time and services to the plaintiff for a period of nine or ten months. The services rendered were in the nature of practical nursing and also caring for plaintiff's wife. After plaintiff's convalescence and recovery, defendant's husband often drove plaintiff's car for him. In 1945, plaintiff's wife became seriously ill, which illness terminated in her death some seven months later. During her illness, the defendant rendered to her personal services in the nature of practical nursing. The services given to plaintiff and his wife were outside the duties and hours of defendant's employment as dental assistant to plaintiff. Neither the defendant nor her husband (grantees under the deed plaintiff here seeks to cancel) filed a claim against the estate of Mrs. Grant Minnich after her death for any personal services rendered to her. Neither defendant nor her husband made any demand upon plaintiff for payment of services rendered to him or his late wife.

On January 10, 1946, plaintiff, then a widower, executed and delivered to defendant and her husband, J. D. Hoppes, the warranty deed which is the subject of this suit. The delivery of the deed took place in Ohio. The consideration, as recited in the deed, was: "* * * for and in consideration of the sum of One Dollar ($1.00) and other valuable consideration, to me in hand paid by J. D. Hoppes and Nina C. Hoppes, husband and wife, the receipt whereof is, upon the delivery of these presents, hereby acknowledged, * * *." The deed was filed for record on June 7, 1946, and is recorded in Deed Book 108, at pages 220–21, in the office of the Judge of Probate of Baldwin County, Alabama.

Plaintiff was, on January 10, 1946, at the time the deed was executed, the owner of and was in possession of the land described in the deed. He remained in the actual possession of the property from that date until the filing of this suit. He alone assessed and paid taxes on the property during the period of time from 1946 to 1956. And he alone maintained and preserved the property and improvements.

After the delivery of the deed, neither of the grantees supported, looked after, cared for, nursed or otherwise attended to the grantor except on one or two occasions when they were present in grantor's home in Baldwin County on summer visits. After delivery of the deed, the plaintiff did not request or demand that either of the grantees support, look after, care for, nurse, or otherwise attend him.

■ The evidence on behalf of the plaintiff is insufficient to enable the court to determine that the consideration for the deed in question was other than that stated therein.

### Conclusions of Law

1. The court has jurisdiction of this cause and of the parties thereto.

2. E. Frank Sanders, the executor of and under the last will and testament of the late plaintiff, Grant Minnich, was properly substituted as plaintiff herein.

■ 3. Plaintiff has not met the burden of proof. When the grantor of a deed seeks to exercise the option to rescind under Code of Alabama 1940, Title 20, Section 15, and the deed is absolute on its face, parole testimony working a complete change in the nature of the estate shown on the face of the deed and attempting to establish as part of the consideration a promise to support the grantor, must be clear, satisfactory and convincing.[3] Where, as here, the evidence is inconclusive to establish affirmatively that a material part of the consideration was a promise by the grantees to furnish support, plaintiff must necessarily fail in his effort to establish his right to annulment of the conveyance.[4]

Judgment for defendant in accordance herewith.

3. Scott v. McGill, 245 Ala. 256, 16 So. 2d 866.

4. Walker v. Walker, 256 Ala. 195, 54 So. 2d 281.