The defendant appeals from a judgment setting aside a deed and imposing a constructive trust on a certificate of deposit and monies in a passbook saving account. We affirm.
In August 1983, Myrtle S. Austin, then 73 years old, owned a house, a $10,000 certificate of deposit, and a $5,262.64 passbook savings account. At that time, Austin was not in good health. She was losing her sight and had hearing problems. Austin transferred ownership of the certificate of deposit and the passbook savings to her son, Ermon B. Herston, on August 29, 1983, and October 3, 1983, respectively. On November 23, 1983, Austin, by warranty deed, conveyed title to her house to Herston. In her affidavit, Austin stated that the deed recites the consideration as $10.00 and other good and valuable consideration, but that Herston did not pay any consideration for the transfers. Austin testified that she transferred her interest in these properties because Herston promised to support her in the future. Herston concedes that he paid no consideration for the transfers, but he denies having promised to support Austin.
After the transfers, Austin continued to live in the house, paying for the insurance, maintenance, and upkeep of the property. Herston paid the ad valorem taxes. From 1983 to around 1988, Herston gave Austin the interest he received from the certificate of deposit. In or around 1988, Herston and Austin had a dispute, and their relationship deteriorated. After the dispute, Herston stopped giving Austin the interest he received from the certificate of deposit. Austin sued, alleging fraud and requesting that the trial court put the title to the property back in her name and return the funds from the certificate of deposit and savings account to her. After a hearing, the trial court set aside the deed on the ground that the sole consideration for the transfer of the property was an agreement of support. The trial court also found that there was no actual or intentional fraud, but it imposed a constructive trust to prevent unjust enrichment.
Herston argues that the trial court erred when it reconveyed title to the property and imposed a constructive trust in favor of Austin, because, he argues, the trial court's findings of fact supporting that action were clearly erroneous and its judgment was based on insufficient evidence. The issue in this case is whether the evidence was sufficient to support the trial court's conclusions.
This case was heard by the trial court without a jury. Where evidence is presented to the trial court ore tenus, a presumption of correctness exists as to the court's findings on issues of fact; its determination will not be disturbed unless clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. Gaston v.Ames, 514 So.2d 877, 878 (Ala. 1987); Cougar Mining Co. v.Mineral Land Mining Consultants, Inc., 392 So.2d 1177 (Ala. 1981). However, when the trial court improperly applies the law to the facts, no presumption of correctness exists as to the court's judgment. Gaston, supra; Smith v. Style Advertising,Inc., 470 So.2d 1194 (Ala. 1985); *Page 978 League v. McDonald, 355 So.2d 695 (Ala. 1978).
 I. Real Property
Herston argues that the trial court erred in setting aside the warranty deed, because, he argues, Austin transferred the property to him as a gift and he did not agree to support Austin during her lifetime. The issue is whether there is sufficient evidence to support the trial court's finding that Herston agreed to support Austin during her lifetime.
Ala. Code 1975, § 8-9-12, provides in pertinent part:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance."
If a grantor executes a deed, accepting as consideration the grantee's promise to support her, she has the right to nullify that deed during her life provided she exercises this right in a statutory manner. Heartsill v. Thompson, 245 Ala. 215,16 So.2d 507 (1944). The grantor can exercise this right irrespective of whether the grantee has kept his promise.McAdory v. Jones, 260 Ala. 547, 71 So.2d 526 (1954); Webb v.Bank of Brewton, 265 Ala. 568, 93 So.2d 154 (1957). The promise to support does not have to be in writing. Dabney v. Grover,250 Ala. 696, 35 So.2d 913 (1948). However, the grantor must prove by clear, satisfactory, and convincing evidence that the grantee promised to support her. Sanders v. Hoppes, 150 F. Supp. 205
(S.D.Ala. 1957).
In Entrekin v. Entrekin, 388 So.2d 931, 932 (Ala. 1980), this Court held:
 "Parol evidence is admissible to show that the actual consideration for the execution of the deed was the promise on the part of the grantee to support the grantor during his life. Walker v. Walker, 256 Ala. 195, 54 So.2d 281 (1951). However, for this parol evidence to work a complete change in the nature of the estate shown on the face of the deed it must be clear, satisfactory and convincing."
388 So.2d at 932 (citations omitted); Vaughn v. Carter,488 So.2d 1348 (Ala. 1986); see, Posey v. Posey, 545 So.2d 1329
(Ala. 1989).
Austin testified as follows concerning the conveyances and Herston's promise to support:
 "Q. Okay, sometime in the summer of 1983, did you have occasion to go down to First Federal with Ermon and put the certificate of deposit for $10,000 in his name?
"A. Yeah.
"Q. And why did you do that?
 "A. Well, to take care of me when I got disabled, to take care of myself.
 "Q. Had you and Ermon had a discussion or a conversation about him taking care of you?
"A. Yeah. Yes.
". . . .
 "Q. Did you also in 1983, transfer the money that was in the savings account to Ermon?
"A. Yeah.
"Q. And did he pay you anything for doing that?
"A. No.
"Q. Why did you put that in his name?
"A. Well, to take care of me.
". . . .
"Q. Did he agree to do that —
 "A. Yes. "Q. to take care of you?
"A. Yes.
 "Q. Now I'll ask you whether or not on November the 23rd, 1983, you conveyed your home on Tombigbee Street to Ermon?
"A. Yeah.
 "Q. Okay, I'll ask you whether or not Ermon paid you anything for conveying the home to him?
"A. He sure did not.
 "Q. Okay, the deed says that you were conveying it to him for a consideration of $10 and other good and valuable consideration. Did he pay you $10? *Page 979 
"A. No.
". . . .
"Q. Why did you convey the home to him?
"A. Well to be taken care of, I reckon.
". . . .
 "A. I thought it was thoroughly understood that he was supposed to take care of me.
". . . .
 "Q. Mrs. Austin, I want to be sure of one thing. . . . Before you transferred the money at the bank to Ermon, I'll ask you whether or not he told you that if you did that, he would take care of you in the future?
"A. That's right. That's right.
 "Q. And in November of '83, before you transferred that house to him, and your home, did he agree that he would take care of you in the future?
"A. That's right."
Herston testified that he made no promise to support Austin, but he also testified to the following:
 "Q. You have always considered that to be her money, haven't you?
 "A. Well, I thought that was the right thing to do.
 "Q. And have you kept it in there so you could use it to take care of her if she needed it?
"A. Right."
We find this testimony sufficient to support the trial court's action in setting aside the deed. The court's determination was not manifestly unjust.
 II. Constructive Trust
The second issue presented is whether the evidence was sufficient to support the trial court's imposition of a constructive trust to prevent unjust enrichment. Herston argues that the trial court erred when it imposed a constructive trust on the certificate of deposit and the monies in the passbook saving account, because, he argues, a constructive trust cannot be imposed where no fraud is found. He also argues that there was no evidence of unjust enrichment. This argument is without merit.
In Cole v. Adkins, 358 So.2d 447 (Ala. 1978), this Court held:
 "Although a constructive trust may result from actual or constructive fraud, these elements are not strictly essential prerequisites to the imposition of a constructive trust. A constructive trust will also be imposed upon property whenever the circumstances under which it was acquired make it inequitable that it should be retained by the holder of legal title provided some confidential relationship exists between the grantor and grantee; and provided the imposition of a trust is necessary to prevent a failure of justice."
Id. at 450. Herston and Austin were in a confidential relationship. There is evidence to the effect that Austin transferred the certificate of deposit and the monies in the passbook savings account to Herston so that he would use the monies to take care of her. The evidence also shows that Herston paid no consideration for the transfers and that Austin never intended for Herston to keep the property for himself. The trial court correctly concluded that it would be unjust for Herston to keep the monies.
The trial court's judgment is sufficiently supported by the evidence and that judgment is not clearly erroneous. Consequently, it is due to be affirmed.
AFFIRMED.
ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.