On March 7, 1977, J.L. Wade and Bertha Maurine Wade deeded approximately 65½ acres of land in Etowah County to their daughter Betty Wade Alexander and her husband Ray Alexander. The Wades reserved a life estate in the real property. The consideration was recited as "TEN AND NO/100 — DOLLARS and love and affection to us paid by the party of the second part," the grantees. Thereafter, one of the grantors, J.L. Wade, and one of the grantees, Betty Wade Alexander, died.
Bertha Maurine Wade, the surviving grantor, sued Ray Alexander, the surviving grantee, to revoke the deed under § 8-9-12, Ala. Code 1975, which provides:
 "Any conveyance of realty wherein a material part of the consideration is the agreement of the grantee to support the grantor during life is void at the option of the grantor, except as to bona fide purchasers for value, lienees, and mortgagees without notice, if, during the life of the grantor, he takes proceedings to annul such conveyance." (Emphasis added.)
After ore tenus proceedings, the trial court annulled the deed and divested Ray Alexander of any interest in the property. The trial court found and held:
 "The evidence is clear, satisfactory and convincing that a material part of the consideration of the deed was the agreement of the defendant, grantee to support the grantors during their lives and, therefore, said conveyance is voidable at the option of a grantor." (Emphasis added.)
The Court of Civil Appeals 1) affirmed in part upon a holding that the trial court correctly voided Mrs. Wade's conveyance of her interest in the land; 2) reversed in part upon a holding that the trial court erroneously voided J.L. Wade's conveyance of his interest "under §8-9-12" because the proceedings were not initiated during his lifetime; and 3) remanded to the trial court with instructions to decide whether J.L. Wade's conveyance could properly be voided on the theory of failure of consideration. The rationale of the Court of Civil Appeals for its instructions on remand is:
 "However, this conclusion [that J.L. Wade's conveyance could not be voided under § 8-9-12 after his death] does not wholly resolve the issue whether J.L. Wade's conveyance should be canceled. As Faulkner [v. Walters, 661 So.2d 227 (Ala. 1995),] indicates, a co-grantor may utilize other recognized equitable grounds for cancellation of instruments in order to void a conveyance as to a deceased co-grantor. Mrs. Wade asserts that J.L. Wade's conveyance of his interest in the real property at issue to the Alexanders was properly declared void on the basis of a failure of consideration because, she says, Alexander breached his promise to support her *Page 1224 
after J.L. Wade's death. Although the parties presented some evidence pertaining to this issue, neither the trial court's comments during the ore tenus proceeding nor its judgment indicates that this ground for relief was addressed.
 "In cases involving conveyances made before the effective date of the statutory provisions now codified at § 8-9-12, the Alabama Supreme Court applied the rule that `either for fraud in the procurement of the conveyance, or for a failure to comply with its terms and conditions, either precedent or subsequent, a conveyance, founded upon love and affection, support, and maintenance, etc., may be annulled for a breach thereof.' Morrow v. Morrow, 213 Ala. 131, 132, 104 So. 393, 393 (1925). Of course, McAdory [v. Jones, 260 Ala. 547, 71 So.2d 526
(1954),] holds that this preexisting equitable remedy of cancellation is not available where a material part of the consideration was a promise to support the grantor for life, as that equitable remedy has been replaced with the absolute statutory right to cancel the conveyance without proof of fraud or failure of consideration. However, a proceeding properly brought under § 8-9-12 involves only the grantor and the grantee, not the rights of third parties (such as, in this instance, Mrs. Wade). Polauf v. Etzel, 237 Ala. 663, 664, 188 So. 909, 909 (1939).
 "As to J.L. Wade's conveyance of his interest in the real property, there is evidence in the record from which the trial court could conclude that Mrs. Wade was an intended third-party beneficiary of an agreement on the part of the Alexanders to support her after J.L. Wade's death. `When a stipulation for the benefit of a third person is inserted in a contract . . . and this forms a part of the consideration of the contract, the promise inures to his benefit, if he elects to accept it; and he may manifest his acceptance, by resorting to any appropriate remedy, legal or equitable, for its enforcement.' Planters' Warehouse Comm'n Co. v. Barnes, 229 Ala. 572, 576, 159 So. 63, 66 (1934) (emphasis added). Indeed, other jurisdictions have allowed surviving intended beneficiaries to seek equitable relief from conveyances made by deceased grantors where the pertinent grantee has failed to comply with an agreement to support them. Houston v. Greiner, 73 Or. 304, 308, 144 P. 133, 134 (1914); Green v. Whitney, 215 Ark. 257, 263-64, 220 S.W.2d 119, 122 (1949). Therefore, we agree with Mrs. Wade that she is entitled to rely upon the ground of failure of consideration as a basis for affirming the trial court's cancellation of the deed as it applies to J.L. Wade's conveyance. However, because it is not clear that the trial court has considered this specific issue, we deem it prudent to leave that issue for the trial court to decide on remand."
 Alexander v. Wade, [Ms. 2980274, July 16, 1999] 806 So.2d 1215, 1221 — 22 (Ala.Civ.App. 1999) (emphasis in original omitted and emphasis added).
Ray Alexander petitioned this Court for certiorari review of the decision by the Court of Civil Appeals. We granted the writ to determine the propriety of the instructions by the Court of Civil Appeals to the trial court for it to decide whether the conveyance of J.L. Wade's interest should be voided on the theory of failure of consideration as distinguished from the theory of the grantor's option under §8-9-12. *Page 1225 
Mrs. Wade's pleadings to annul the conveyance confine her theory to the grantor's option under § 8-9-12. She does not plead an equitable theory of failure of consideration. The plain text of the statute itself invalidates the decision of the trial court to void the conveyance of J.L. Wade's interest, in that the statute requires the "proceedings to annul such conveyance" to be taken "during the life of the grantor." The enactment of this statute creating an action to annul a conveyance supported by the consideration of the grantee's promise to support the grantor for life has superseded other theories for voiding such a conveyance to redress the grantor's dissatisfaction with the consideration:
 "In enacting that law[, Title 20, § 15 of the 1940 Code, the predecessor to 8-9-12, Ala. Code 1975,] the legislature was taking care of the grantor in a deed where a material part of the consideration was a promise to support him for life and under its terms it is immaterial whether that promise has been kept or not. There were two results, we think, which were fixed by that statute. One was that the grantor was given the privilege or option at any time during his life to have the deed vacated by taking proceedings in court, although there was no intent to defraud and although the grantee may have been performing his duty under his obligation to support. The other result fixed by the enactment was to confine that right to the grantor and limit it to his lifetime. That limitation is not confined by the statute to a situation where the grantee is complying with his covenant and entered into it without fraud, but the statute extended the limitation to a situation where the grantee entered into the obligation with the intent of defrauding the grantor and the grantee has refused to comply with his obligation, and also extended the limitation to all rights existing in that connection before it was enacted. The statute is all embracive, so that in any such situation the grantor has the privilege of instituting proceedings in court during his lifetime to annul the conveyance and that right is limited to him by the statute. . . .
 ". . . [I]t has been held by this court, in accord with authority elsewhere and on sound principle, that the obligation on the part of the grantee to support the grantor is peculiarly personal to the grantor and if the grantor is satisfied, conclusively evidenced by his failure to take steps in equity to have the deed vacated, no one else during his life or after his death can do so for the failure to discharge such a peculiarly personal benefit."
McAdory, 260 Ala. at 550, 71 So.2d at 529 (emphasis added). Thus, we have held that, in proceedings to annul a deed under § 8-9-12, Ala. Code 1975, it is immaterial whether the promise to support was actually fulfilled by the grantee. See, e.g., Vaughn v. Carter, 488 So.2d 1348
(Ala. 1986); McAdory, supra. Rather, the right to annul a conveyance under § 8-9-12, Ala. Code 1975, is completely irrespective of whether the grantee has performed his or her part of the agreement. Herston v.Austin, 603 So.2d 976 (Ala. 1992).
To protect such grantors, the Legislature, in adopting § 8-9-12, relieved such grantors of any requirement to prove failure of such consideration in order to annul such conveyances. See Vaughn,McAdory, and Herston, supra. On the other hand, the statute contemplates that a grantor's not instituting proceedings to annul the conveyance during the grantor's lifetime is conclusive proof of the grantor's satisfaction with the consideration consisting of the promise of lifetime support. McAdory, 260 Ala. at 550, 71 So.2d at 529. Thus the exclusive remedy for a grantor's dissatisfaction with such consideration, for any reason, is the statutory cause of action, with its condition that the proceedings be instituted during the grantor's *Page 1226 
lifetime.[1] Mrs. Wade, as such a cograntor of precisely such a conveyance, cannot simultaneously invoke the statute to annul the conveyance of her own interest and yet evade the exclusivity and the strictures of the statute by annulling the conveyance of the deceased J.L. Wade's interest on the theory of failure of consideration to redress her own dissatisfaction with the consideration as a third party beneficiary.
For these reasons, we affirm the decision of the Court of Civil Appeals to the extent that it affirms the judgment of the trial court insofar as it voided the conveyance of Mrs. Wade's interest in the property to Ray Alexander and to the extent that the judgment of the Court of Civil Appeals reverses the judgment of the trial court insofar as it voided the conveyance of J.L. Wade's interest. However, because the Court of Civil Appeals erred in instructing the trial court to consider the theory of failure of consideration for the annulment of the conveyance of J.L. Wade's interest, we reverse that portion of the judgment below and remand this cause to the Court of Civil Appeals for entry of a judgment consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Houston, See, Brown, Harwood, and Stuart, JJ., concur.
Lyons and Woodall, JJ., dissent.
[1] The case of Faulkner v. Walters, 661 So.2d 227 (Ala. 1995), does not hold to the contrary. The Faulkner Court allowed the estate of the grantor who died before suit was filed to void that conveyance only on the ground of that grantor's mental incompetence to convey, not on the ground of failure of, or dissatisfaction with, the consideration of a promise of lifetime support. The conveyance was voided on the ground of mental incompetence only to the extent of the incompetent grantor's interest. The only party the Faulkner Court allowed to annul the conveyance on the ground of failure of, or dissatisfaction with, the consideration was the widow cograntor, who filed suit while she was alive. The conveyance was anulled on this consideration ground only to the extent of the widow cograntor's interest.
Neither the pleadings, the proof, nor the arguments in the case now before us address any claim that the deceased grantor J.L. Wade was incompetent to convey the property to the Alexanders. Our holding is limited: that § 8-9-12 provides the exclusive remedy only for failure of, or other dissatisfaction with, consideration consisting of a promise of lifetime support in return for a conveyance of real property. Our holding does not address or affect suits grounded on a grantor's mental incompetence to convey.