Although I concur in the main opinion insofar as it affirms the trial court's reformation of the mortgage on the Georgia property, I must respectfully dissent insofar as the main opinion reverses the trial court's rescission of the deed conveying the Alabama property to Max Rodgers.
First, I disagree with the main opinion to the extent that it implies that § 8-9-12, Ala. Code 1975, requires that a grantee promise to provide all of a grantee's support for life as a condition of rescinding the conveyance. Because the language of § 8-9-12 does not expressly restrict its application to promises to provide all the grantor's support for life, it applies to promises to provide anyportion of a grantor's support for life. See IMEDCorp. v. Systems Eng'g Assocs. Corp., 602 So.2d 344, 346
(Ala. 1992) ("Words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language to mean exactly what it says.").
Second, I disagree with the main opinion's conclusion that Louie Rodgers and Ann Rodgers did not meet their burden of proof to justify rescission under § 8-9-12. Louie testified that Max promised him that, if he would convey the Alabama property to Max, Max would allow Louie to live in the house located on the Alabama property for the rest of Louie's life. Louie further testified that he would not have conveyed his interest in the Alabama property to Max for a down payment of $10,000 and a promise to pay an additional $50,000 if Max had not also promised Louie that he could live in the house on the property for the rest of his life. Ann Rodgers testified as follows:
 "Q. Now, Ann, why was [the Alabama] property deeded by you and Louie to Max Rodgers?
 "A. [Max] had talked to [Louie] about [Louie's] health and that he wanted to purchase the house there because it was the home place and that he would put the money in a trust fund for us to have for us to live on, you know, in our older age and to get the house out of our name in case one of us had to be admitted to a nursing home.
 "Q. All right. And that was Mr. Max Rodgers"
 "A. That's my understanding.
 "Q. Mr. Max Rodgers presented that to you; is that correct?
 "A. He did not. Louie did.
 "Q. Okay. And what were — as far as who was to live at [the house on the Alabama property], what was your understanding of that arrangement?
 "A. That Louie would live there for the rest of his life.
 "Q. And even though Mr. Max Rodgers would then hold title to the house, your understanding was that Louie would be allowed to live there the rest of his life?
 "A. Yes.
 "Q. And was that part of the reason that you signed this deed deeding the property to Max Rodgers?
 "A. That was the main reason.
 "Q. That Louie would have a place to live and be taken care of?
 "A. Right."
Because a place to live is part of a person's support, Louie's and Ann's testimony to the effect that Max promised that Louie could live in the house for the rest of *Page 1050 
his life established, by clear and convincing evidence, that Max made a promise that justifies rescission of the conveyance under § 8-9-12. The main opinion concludes that the trial court's finding that Max made such a promise is unsupported by clear and convincing evidence because Max denied having made such a promise and because Louie and Ann testified that Max was not paying for their food, clothes, medical care, or other expenses. However, in so concluding, the main opinion is impermissibly reweighing the evidence. See, e.g., Mollohanv. Jelley, 925 So.2d 207, 210 (Ala.Civ.App. 2005) (`"Where a trial court receives ore tenus evidence, . . . . [t]his court is not permitted to reweigh the evidence on appeal and substitute its judgment for that of the trial court.' " (quoting Amaro v. Amaro, 843 So.2d 787, 790-91
(Ala.Civ.App. 2002))). Under the ore tenus rule, the trial court, as the trier of fact, could have found Max's testimony unworthy of belief. See, e.g., Gladden v. Gladden,942 So.2d 362, 369 (Ala.Civ.App. 2005) ("`"In ore tenus proceedings, the trial court is the sole judge of the facts and of the credibility of the witnesses, and it should accept only that testimony which it considers worthy of belief."`" (quoting Ex parte R.E.C., 899 So.2d 272, 279 (Ala. 2004))). Moreover, the fact that Max was not paying for Louie's and Ann's food, clothes, medical care, or other bills is irrelevant to a determination whether Max made a promise justifying rescission under § 8-9-12. See Ex parteAlexander, 806 So.2d 1222, 1225 (Ala. 2001) ("`In enacting that law[, Title 20, § 15 of the 1940 Code, the predecessor to 8-9-12, Ala. Code 1975,] the legislature was taking care of the grantor in a deed where a material part of the consideration was a promise to support him for life and under its terms it is immaterial whether that promise has beenkept or not'" (quoting McAdory v. Jones,260 Ala. 547, 550, 71 So.2d 526, 529 (1954))).
Accordingly, I would affirm the trial court's rescission of the deed conveying the Alabama property to Max.