**RICK et al. v. UNITED STATES.**

No. 9358.

United States Court of Appeals
District of Columbia.

Argued Jan. 13, 1947.

Decided March 31, 1947.

Rehearing Denied May 21, 1947.

Messrs. Francis C. Brooke and James R. Kirkland, both of Washington, D. C., with whom Mr. Paul B. Cromelin, of Washington, D. C., was on the brief, for appellants.

Mr. John D. Lane, Assistant United States Attorney, of Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, Mr. John P. Burke, Assistant United States Attorney, and Mr. Sidney S. Sachs, Assistant United States Attorney, all of Washington, D. C., were on the brief, for appellee. Mr. John B. Diamond, Assistant United States Attorney, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, CLARK, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

An information was brought in the Municipal Court against appellants for will-

fully, knowingly and unlawfully attempting to defeat and evade a District of Columbia income tax by filing false and fraudulent returns for the years 1942, 1943 and 1944. The information was brought by the United States Attorney. A motion to quash the information was filed, on the ground that the power to prosecute was not in the United States Attorney but was vested in the office of the Corporation Counsel for the District of Columbia. The trial judge granted the motion. The Municipal Court of Appeals reversed, and we allowed an appeal.

Although the specific question presented to us is which of two officials, the United States Attorney or the Corporation Counsel, has power to prosecute, the importance of the case rests upon the fact that the penalties which ensue upon conviction depend upon the same considerations as those which determine the proper prosecutor. Subsection (a) of Section 47—1542 of the District of Columbia Code[1] is headed "Negligence" and provides, among other things, that any person "who makes a false or fraudulent return" shall, upon conviction, be fined not more than $300 for each violation, and that all prosecutions under the subsection shall be brought by the Corporation Counsel.

Subsection (b) of the same section of the Code is headed "Wilful violation" and provides that any person "who wilfully attempts in any manner to defeat or evade the tax" shall, upon conviction, be fined not more than $10,000 or imprisoned for not more than one year, or both. It is agreed that prosecutions under subsection (b) are properly brought by the United States Attorney.

The question is whether a person who wilfully attempts to evade the tax by the single act of making a false or fraudulent return, has violated subsection (a) alone or has violated subsection (b) also.

 It is common knowledge, and not disputed, that the making of a fraudulent return is the most common and also the most flagrant method of willfully attempting to defeat or evade an income tax. Thus, the question before us presents an almost complete dilemma. To hold that an attempt to evade the tax by making a false and fraudulent return is a violation of subsection (b) and not of (a), would be to hold that the specific language of subsection (a) prescribing the penalty for a fraudulent return does not apply if that return is an attempt to evade the tax. A "fraudulent" return is always an attempt to evade a tax; a merely "false" one may not be. On the other hand, to hold that the making of a false and fraudulent return is punishable under subsection (a) and not under subsection (b), would be to hold that Congress has provided that the most common and flagrant type of willful attempt to evade the tax is to be punished by a comparatively mild penalty ($300), whereas all other, and less flagrant, methods of attempting the same thing should be punished by drastic penalties ($10,000 or imprisonment for one year, or both).

 The confusion arises from the inclusion of the words "or fraudulent" in subsection (a). Under well-established principles of law, "fraudulent" includes an intent[2] and involves a subject matter of which someone is to be deprived. The same principles have been carried into income tax law.[3] Thus, we are unable to find any real difference between a "fraudulent" return and a willful attempt to evade a tax. A "false" return may be merely incorrect, due to negligence or some other cause lacking intent or not involving a tax, and thus such a return is not necessarily willful or an attempt to evade a tax. The making of a "false" return might, therefore, logically be subjected to a punishment different from that imposed upon a willful attempt to evade the tax. If subsection (a) had referred only to a "false" return, it might be read in reasonable consistency with subsection (b).

[1] D.C.Code 1940, § 47—1542, 53 Stat. 1105, amended by the Act of February 2, 1942, 56 Stat. 44.

[2] Greeley Nat. Bank v. Wolf, 8 Cir., 1925, 4 F.2d 67.

[3] Griffiths v. Commissioner of Internal Revenue, 7 Cir., 1931, 50 F.2d 782; Mitchell v. Commissioner of Internal Revenue, 5 Cir., 1941, 118 F.2d 308. See cases collected and discussed at 10 Mertens, Law of Federal Income Taxation § 55.11.

There is sometimes said to be a "constructive" fraud in respect to which courts have said that neither actual dishonesty nor intent to deceive is the essential element; and negligence so gross as to deceive might be such fraud. A difference between a fraudulent return and a willful attempt to evade the tax might be strained from that concept, but we do not believe that Congress had any such idea in mind, and such a construction by us would be a tortured legislative act.

In this posture of the case, established rules of statutory construction conflict. On the one hand are the rules that a specific statutory provision prevails over a general provision and that a later enactment prevails over an earlier one. Both of these rules would lead to the conclusion that the filing of a fraudulent return is punishable under subsection (a), because subsection (b) is general while subsection (a) is specific and of later date.

On the other hand is the equally well-established rule of construction which forbids us to construe a statute in such manner as to make it patently ridiculous. We are of clear and firm opinion that to say that Congress, by the amendment of 1942, made the offense of willfully attempting to evade a tax by filing a fraudulent return punishable by a minor penalty only, whereas such willful attempt in any other manner is punishable by a drastic penalty, would be to make the amendment not merely unreasonable but ridiculous and absurd by any standard. It would almost completely nullify a criminal statute of major importance in the administration of the tax law. This rule of construction would lead to the conclusion that subsection (b) properly applies in the case before us.

 We think that the latter rule should control the construction of this statute. We are aided to that conclusion by the legislative circumstances surrounding the 1942 amendment. The amendment was made when Congress struck from the then-existing act the requirement that a tax return be supported by an affidavit. Under the former act, the presence of the affidavit made a false or fraudulent return subject to prosecution under the perjury statutes. By striking the requirement for an affidavit, Congress eliminated the possibility of perjury; and if the statute had been left thus, it would have prescribed no substantial punishment for the filing of a false, but not fraudulent, return. To supply that lack, the new clause was inserted in subsection (a), making the filing of an unsworn false return punishable. In the Senate Committee Report,[4] and again in the statement on the floor of the Senate by Senator Burton,[5] who was in charge of the bill, reference was made only to false returns. "Fraudulent" returns were not mentioned. Moreover, the word "fraudulent" is inconsistent with the title of the subsection, "Negligence", and was wholly unnecessary to the purpose of the amendment.

In oral argument, appellants suggested that the penalties in subsection (a) may be no less drastic than those in subsection (b), because of the provision in the former that "each and every day that such failure continues shall constitute a separate and distinct offense." But the full clause makes that construction impossible. The subsection covers failures to make returns, pay taxes, etc., and provides that a person who so fails shall be fined not more than $300 "for each and every such failure or violation, and each and every day that such failure continues shall constitute a separate and distinct offense." The $300 fine thus refers to each "failure or violation", but the separate offense of each day relates only to "such failure", and that clause makes no reference to a violation. It is impossible to construe the making of a false or fraudulent return as a failure.

Spies v. United States[6] is cited to us, but that case does not treat the question here involved. The question there was whether a willful failure to file a return, punishable under one section of the federal statute, was identical with a willful attempt to defeat or evade the tax, punishable under another section of the statute. The Court held that they were not the same,

---

[4] Sen.Rep.No.936, 77th Cong., 2d Sess. (1942).

[5] 88 Cong.Rec. 541 (1942).

[6] 1943, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418.

that a willful attempt must necessarily consist of an affirmative act, whereas, of course, a failure to file a return would be complete without any affirmative act. That distinction does not aid us in the problem here.

In the case at bar, the learned judge in the Municipal Court, in a careful opinion, felt that he was concluded by the specific and later expression "fraudulent return" in subsection (a). The Municipal Court of Appeals felt that the absurdity of the result reached by applying (a) and not (b) to fraudulent returns required that it reach the opposite result. With full appreciation of the considerations which led to the conclusion of the trial judge, we nevertheless agree with the appellate court.

We deem it not improper, but a necessary part of our disposition of this case, to call to the attention of the District authorities the necessity for presenting to the Congress the problem which was involved in this case. The obscurity of these important sections of the statute should not remain unclarified, to the perplexity of the enforcement authorities, the public, and the courts alike.

Affirmed.

## On Petition for Rehearing.

### PER CURIAM.

█ Upon petition for rehearing, counsel for appellants vigorously urge two propositions. First, they invoke the well-established rule that criminal statutes must define the prohibited acts with such definiteness that men of common intelligence need not guess as to what conduct on their part will render them liable.[1] But that question is not involved here. The offense charged in this information was clearly described in the statute. Any person of common intelligence who did the acts specified in this information would know that he was violating the statute. Appellants may have been uncertain as to the penalty which they would incur, but, even so, they knew the maximum, specified in subsection (b), and that is all anybody need know concerning the penalty as he contemplates violation of a law.

Second, appellants say that we have departed from the plain and literal meaning of the statute. The opposite is true. We have applied the plain language of subsection (b) of Section 47—1542 of the Code. The contention misconstrues the question posed by the case. There has never been any question as to the plain language of subsection (b), or that it covered precisely the offense here charged. The question was whether, by an amendment to subsection (a) in 1942, Congress amended subsection (b) so as to change completely what was otherwise its plain meaning. We answered that question in the negative. Congress did not say that it amended subsection (b). The legislative history showed that it did not intend to amend it. To have amended it with the effect urged by appellants would have produced an absurd result. We declined to find an unintended repeal by implication. Appellants' contention actually is that subsection (b), although never expressly amended, was amended by implication. That is the contention we rejected.

Appellants' contention that the doctrine applied here would necessitate judicial revision of the entire criminal code is far afield. We used the absurdity of the result as one measure of appellants' contention that the 1942 amendment of subsection (a) also amended, and in substantial part repealed, subsection (b).

The petition for rehearing is denied.

---

[1] Screws v. United States, 1945, 325 U. S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, 162 A.L.R. 1330; Pierce v. United States, 1941, 314 U.S. 306, 62 S.Ct. 237, 86 L.Ed. 226; Lanzetta v. New Jersey, 1939, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888; United States v. Resnick, 1936, 299 U.S. 207, 57 S.Ct. 126, 81 L.Ed. 127; Fasulo v. United States, 1926, 272 U.S. 620, 47 S.Ct. 200, 71 L.Ed. 443; Connally v. General Const. Co., 1926, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322; United States v. Brewer, 1891, 139 U.S. 278, 11 S.Ct. 538, 35 L.Ed. 190.