262 So.2d 756

Paul E. WALKER, etc., et al.

v.

Henry A. WOODALL.

3 Div. 469.

Supreme Court of Alabama.

May 25, 1972.

Frank W. Riggs, Montgomery, for appellants.

Jones, Murray, Stewart & Yarbrough, Montgomery, for appellee.

HEFLIN, Chief Justice.

This appeal is from a judgment resulting from a lawsuit brought by appellee-plaintiff Henry A. Woodall seeking damages for breach of contract and fraud from Paul E. Walker, individually and d/b/a Walker Hauling Company, and Walker Hauling, Inc., appellants-defendants. The jury returned a verdict in favor of appellee-plaintiff Woodall for $26,608.40. The motion for a new trial of appellants-defendants was overruled and appeal was taken to this Court.

In April of 1969 appellants entered into an agreement with appellee Woodall whereby Woodall agreed to furnish his

tractor-trailer truck rig (which may be herein referred to as "truck" or "rig") and his personal services as a driver thereof to haul certain material for the appellants. As partial consideration for the use of the appellee's rig, appellants allegedly agreed to have the rig insured against all losses. However, when the truck wrecked and burned about a week later, it was discovered that the truck had been insured only against liability losses.

Count I of the appellee's complaint claimed $21,608.40 damages for breach of contract. Count II claimed $50,000.00 damages for fraud. The second count essentially alleged that the appellants fraudulently represented to appellee that appellants would cause appellee's truck to be coverd by insurance; that said representation was false and that it was known to be false by appellants; and that appellee justifiably relied on said representation to his detriment. Appellants did not test the sufficiency of the counts by demurrer; rather, they filed an oral plea of not guilty.

Appellants' counsel on appeal, who did not participate in the lower court trial, contends the trial court erred in overruling appellants' motion for new trial on the ground of newly discovered material evidence and that the court erred in regard to its rulings on certain written charges. This Court is of the opinion that the trial court did not commit reversible error in either of these two areas and the judgment of the lower court is due to be affirmed.

The motion for a new trial alleged that appellants had obtained newly discovered evidence which could not have been acquired with reasonable diligence before trial. Appearing in the record in support of this motion were the affidavits of four individuals. The substance of the affidavits made by Howard G. Phelps and Carey L. Jerkins was that upon reading about the trial and the verdict in the newspaper, they felt it their duty to inform appellants that prior to the wreck appellee had stated to them that if he could not sell his truck, he would burn it. Jessie K. Jerkins testified in his affidavit that prior to the accident he observed certain tools in the cab of the truck, but immediately after the accident these tools were no longer in the truck. William R. Grier stated in his affidavit that shortly after the acccident he went fishing with appellee and at this time appellee told him he had burned his truck.

Appellee argues that when one considers the facts of the case that the evidence contained in the affidavits was not believable or meaningful. It is not necessary for this Court to involve itself in an evidentiary evaluation since also appearing in the record is an affidavit made by attorneys for the appellee, Robert E. Varner and Coleman Yarbrough, both of Montgomery. This affidavit was to the effect that prior to the trial in discussing the case with Paul Walker, he stated to these attorneys-affiants that he knew of a witness, whose address he had, but whose name he refused to disclose, who would testify that the appellee burned his truck, presumably to collect the insurance thereon. Appellee contends that this affidavit discloses that the appellants were aware of the possibility of arson prior to the trial and, therefore, such evidence fails to qualify as newly discovered evidence.

The granting or refusal of a motion for a new trial based on newly discovered evidence is left largely to the sound discretion of the trial court and its decision will not be reversed on appeal unless it clearly appears such discretion has been abused. Morris v. Yancey, 272 Ala. 549, 132 So.2d 754; Birmingham Electric Co. v. Toner, 251 Ala. 414, 37 So.2d 584.

Since appellee's counter-affidavit affirmatively indicated that appellants were aware before trial of facts directly relating to the alleged newly discovered evidence, this Court cannot say that the trial court abused its discretion in refusing to grant the motion for new trial based on newly discovered evidence. For a case involving similar circumstances, see Tankersley v. Tankersley, 270 Ala. 571, 120 So.2d 744.

■ Appellants assign as error the granting by the trial court at the request of the appellee the following written charge:

"Charge No. A–6 I charge you that if you are reasonably satisfied from the evidence that the defendant knowingly, wilfully, falsely and fraudulently misrepresented to the plaintiff that the defendant would have the plaintiff's truck insured and that the plaintiff justifiably relied upon that misrepresentation to his detriment, you may assess punitive damages against the defendant."

Appellants argue in brief that this charge is a misstatement of the law in that it omits any reference to intent on the part of appellants not to insure the truck at the time the said misrepresentation was made.

"Fraudulently" as used in the above charge should be given the meaning which the law gives it and which attaches to it common usage, to-wit, a deliberately planned purpose and an intent to deceive and thereby to gain an unlawful advantage. Bank of Montreal v. Thayer, 7 F. 622 (C. C.D.Ia.1881). "Fraudulently" necessarily includes the concept of intent. Rick v. United States, 82 U.S.App.D.C. 101, 161 F.2d 897 (1947); West v. Wright, 98 Ind. 335. "Wilfully" also connotes intention on the part of the doer. Ex parte Woodward Iron Co., 212 Ala. 220, 102 So. 103. Thus, it is not necessary to include in the instant charge a reference to appellants' intent. The addition of such language would be mere surplusage and would not enlarge or restrict the significance of the word "fraudulently". This Court, therefore, concludes that the alleged deficiency insisted on by appellants in Charge No. A–6 is insufficient to hold the trial court in error.

Appellants assert that the trial court erred in refusing to grant their request for the affirmative charge, with hypothesis, as to Count II of the complaint (the fraud count). The appellants contend that the evidence is insufficient to show that the alleged misrepresentation was made with an intent to defraud or a present intent not to perform the promise to fully insure appellee's truck at the time the promise was made.

■ In order for a promise to constitute a fraudulent representation it is necessary that it have been made with the intent not to perform the act. Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314; Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So.2d 23.

Intent is an act or emotion of the mind seldom, if ever, capable of direct proof, but is determined by such just and reasonable deductions from the acts and facts presented as the guarded judgment of a reasonably prudent and cautious man would draw therefrom. Hagerty v. Hagerty, 186 Iowa 1329, 172 N.W. 259, 260. Intent is a matter peculiarly within the province of the trier of facts, in this case the jury.

In Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119, the Texas court stated:

"The governing principles of law are familiar. A person's intention is a matter of fact. When a promise is made the promisor expressly or by necessary implication states that he then has a present intention to perform, and if such intention does not actually exist at that time, a false statement of fact has been made upon which fraud may be predicated. The gist of the fraud is deception as to an existing fact, namely, the state of the promisor's mind. That fact may be established by circumstantial evidence taken in connection with the breach, but cannot be established by the breach alone."

■ Of course, mere failure to perform is not of itself evidence of intent not to perform at the time the promise or contract was made. If it were, a mere breach of contract would be tantamount to fraud. See Brock v. Brock, 90 Ala. 86, 8 So. 11; McAdory v. Jones, 260 Ala. 547, 71 So.2d 526.

■ However, aside from appellants' failure to perform, this Court feels there

was sufficient evidence introduced upon which the jury could infer the requisite intent. For example, the evidence tends to show that later, after Walker agreed to fully insure Woodall's truck, he stated to Woodall that his truck was, in fact, fully insured. This testimony was corroborated by A. L. Johnson, president of the bank that financed Woodall's truck, who testified that Walker told him "I'll assure you that it's (the truck) fully covered." From this evidence, which could have been interpreted as a later misrepresentation, the jury could also infer that Walker did not intend to have the truck insured at the time he promised to do so.

Appellant Paul Walker testified that he called his insurance company and placed liability insurance in the amount of $300,000.00 on the truck. However, appellee testified that during a conversation about insurance Mr. Walker raised the matter of deductible on the collision coverage by asking if he wanted $250.00 or $500.00 deductible, and they agreed on a $250.00 deductible. Woodall contends that Walker then picked up the telephone and called someone and at the conclusion of that alleged conversation said he was insured. Then Woodall testified he asked Walker if the $250.00 deductible applied to the tractor and to the trailer separately or whether the $250.00 deductible applied to damage to the entire rig. Woodall stated that Mr. Walker replied, "I'll let you know later". Some time following the collision after appellee Woodall left the hospital he recited in a conversation with Mr. Walker about the accident that Mr. Walker said, "Well, it don't matter a damn to me if you had run it off in the river. All I had you covered for was liability". To this appellee Woodall said he replied: "I never have heard of $250.00 or $500.00 deductible on liability." Woodall further testified that he was in no shape for an argument so he immediately left. From this evidence the jury could have inferred that the appellants never intended to cause appellee's truck to be fully insured at the time the promise was made, but only intended to protect their interest by insuring the truck against liability losses.

Other evidence, which need not be reiterated here, was also presented from which the jury could have inferred the requisite intent. This Court, therefore, concludes that the trial court did not err in refusing to grant appellants' request for the affirmative charge.

■ The trial court did not commit reversible error in giving the following written charge at the request of the appellee:

"Charge No. A–8—I charge you that while you have wide lattitude (sic) in determining the amount of actual damages you should consider the evidence in determining that amount."

While the charge may have a tendency to mislead, it, nevertheless, confined the jury to the evidence presented in the case pertaining to actual damages. If there were error, it was harmless. This appears to be a classic instance for the application of Supreme Court Rule 45.

Affirmed.

MERRILL, HARWOOD, BLOODWORTH and MADDOX, JJ., concur.