HOLMES, Judge
(dissenting).
I respectfully dissent. As I view the evidence and the reasonable inferences therefrom, the defendants promised the plaintiffs to make a pond located near the plaintiffs’ homesite “attractive, sanitary, clean and safe.” The pond’s “appearance” was a major inducement to purchasing the lot and thereafter building a home. The defendants did do some work on the pond. However, it appears to me, from the evidence, that the plaintiffs were never satisfied with the pond.
Mere failure to perform a promise or contract is not of itself evidence of intent not to perform at the time the promise or contract was made. See McAdory v. Jones, 260 Ala. 547, 71 So.2d 526 (1954).
In order for a promise to constitute a fraudulent representation, it is necessary that it be made with the intent not to perform the act. Walker v. Woodall, 288 Ala. 510, 262 So.2d 756 (1972), and cases cited therein. Intent is a matter peculiarly within the province of the trier of facts. See Walker v. Woodall, supra.
Here, to me, aside from the defendants’ failure to perform as shown by the plaintiffs’ evidence, I feel there was sufficient, though slight, evidence introduced upon which the trier of facts could infer the requisite intent. Specifically, I refer to the response of the defendants to the Mayor of the City of Dothan’s question of what the defendants intended to do about the condition of the pond. The defendant-Johnson’s response to the mayor’s inquiry was to the effect that he (defendant) did not intend to *288 do a “damn” thing about the pond. This evidence is sufficient to fall within the criteria as stated in Walker v. Woodall, supra.