EMBRY, Justice.
This appeal is from a judgment denying relief sought by an information filed to impeach and remove from office a city councilman for voting in violation of § 11— 43-54, Code 1975, on any question in which he, his employer or employee has a special financial interest at the time of voting or was so interested at the time of his election. The judgment was entered upon grant of motion for summary judgment submitted on pleadings, affidavits, depositions and exhibits. The judgment must be reversed for a variety of reasons, the most important of which is that the issues were incapable of summary determination through examination of pleadings, affidavits, depositions and exhibits.
The plaintiffs, Anita Harlow and four other resident taxpayers of Irondale, filed an information pursuant to § 36-11-6, Code 1975, seeking to impeach the defendant, Dan Chandler, a councilman of the City of Irondale. Section 36-11-6 provides:
“Any five resident taxpayers of the division, circuit, district, county, city or town for which the officer sought to be impeached was elected or appointed may institute proceedings of impeachment under sections 174 and 175 of article 7 of the Constitution upon giving bond, with sufficient sureties, payable to the officer sought to be impeached, conditioned to prosecute the impeachment to effect and, failing therein, to pay all costs that may be incurred, which bond shall be taken and approved by the clerk of the court before which the proceedings are proposed to be instituted.”
The information filed by the plaintiffs alleged that the defendant had voted:
“ * * * for the approval and payment of claims against the City of Irondale presented by a business establishment known as Chandler’s Garage and the defendant was at the time he voted for such approval and payment of such claims an agent, servant, employee, stockholder, director or officer of the business known as Chandler’s Garage; against the peace and dignity of the State of Alabama.”
The defendant filed an answer stating:
“1. He is not guilty.
“2. He is not guilty of an impeachable offense.
“3. The information fails to state an offense.
“4. The information fails to state an impeachable offense.
“5. The information fails to allege an impeachable offense as defined by the Alabama Constitution.
“6. He has not received any benefit, monetary or otherwise, from his service as a member of the City Council of Iron-dale, Alabama, other than that provided by law.”
Chandler also moved for summary judgment based on the pleadings, affidavits, depositions and exhibits filed with the court. The circuit court granted the defendant’s motion and entered the following judgment:
“This cause coming on to be heard on Motion For Summary Judgment filed on behalf of the defendant on the pleadings, affidavits, depositions and exhibits made a part of the record in this case. It is hereby ordered, adjudged and decreed that the Motion For Summary Judgment should be and is hereby granted.
“The defendant is an elected member of the city council of Irondale, Alabama, and has been for approximately 13 years prior to this date employed as a mechanic of Chandler’s Garage. Chandler’s Garage was a sole proprietorship owned by the defendant’s father, Robert Chandler, until August 24, 1976, at which time the business was incorporated and became Chandler’s Garage, Inc. Robert Chandler owned 97% of the stock of this corporation and the defendant owned 1% of the stock. The defendant still receives a salary as a mechanic and does not receive any dividends or extra compensation because of his ownership of his share of stock.
“Chandler’s Garage has done virtually all of the mechanical servicing of the vehicles of the City of Irondale for approximately 30 years. There has been no *959 diseernable increase in business between the City of Irondale and Chandler’s Garage since the election of the defendant to the city council since October of 1976.
“The information filed by the plaintiffs charged the defendant with having voted for payment of claims against the City of Irondale presented by Chandler’s Garage for work done pursuant to the established business practice for the past 30 years. Plaintiffs bring information under Title 37 Section 452 of Alabama Code 1940 [§ 11-43 — 161, Code 1975], which prohibits an alderman from providing any service for compensation payable out of public municipal funds from which he is an alderman or having any private or personal financial dealings with, for, or on account of the municipality.
“The question is, is voting to pay a bill owned by the defendant’s father’s garage, which is incorporated, and he owned 1% of the stock, an impeachable offense under Title 37 Section 452 of the Alabama Code?
“It is the opinion of this court that this is not such an offense that is a matter of law under Title 37 Section 452 of the Alabama Code. It is the law and undisputed evidence of this case that it is not an impeachable offense. The court believes that cases contemplated by authorizing impeachment should be neither trivial nor capricious and must be restricted to something directly affecting the rights and interests of the public. The court believes that because of the long standing relationship between the City of Irondale and Chandler’s Garage and the fact that the defendant was an employee for 13 years merely receiving a salary, the fact that he owns 1 share of stock of the corporation should not cause the defendant to be impeached.
“As a matter of fact, the court finds on pages 21, 22 and 23 of the deposition of the defendant that he abstained from voting when it was called to his attention.
“On the Motion For Summary Judgment, it is due to be and is granted. Costs taxed to the plaintiffs over which execution is issued.”
Under Rule 58(b), ARCP, but with great difficulty, we treat the judgment of the trial court as a final one. The judgment when read together with the motion for summary judgment indicates that a final judgment was intended; we hold it was final in this case. However, the better practice would be to expressly dismiss the information. More is needed to indicate finality than a mere statement that the defendant’s motion is granted. Rule 58(b) allows us to look beyond the wording of the judgment but this should not be necessary.
Unfortunately, the trial court misconceived the allegations of the plaintiffs’ information. The allegations do not charge the defendant with a violation of § 11-43-161, Code 1975; in fact a violation of § 11 — 43-54 is alleged. That section provides:
“No councilman shall be entitled to vote on any question in which he, his employer or employee has a special financial interest at the time of voting or was so interested at the time of his election. For violating this section or section 11-43-53, a councilman may be removed.”
Because of the misconception there were issues not determined by the trial court below, nor raised on appeal by the litigants. Section 36-11-6, which provides the mode of impeachment raised by the plaintiffs, allows resident taxpayers to institute impeachment proceedings under §§ 174 and 175 of Art. VII, Constitution of 1901. Section 175 authorizes the removal of municipal officers such as defendant, Chandler, under regulations prescribed by law. Section 36-11-6, Code 1975, is such a regulation. However, § 175 of the Constitution allows removal only for the causes specified in § 173. Those causes are:
“ * * * willful neglect of duty, corruption in office, incompetency, or intemperance in the use of intoxicating liquors or narcotics to such an extent, in view of the dignity of the office and importance of its duties, as unfits the officer for the discharge of such duties, or for any offense involving moral turpitude while in office, *960 or committed under color thereof, or connected therewith, * * * ” Ala.Const., Art. VII, § 173.
Because § 175 allows removal of municipal officers only for the causes listed in § 173, then § 11-43-54, Code, must specify one of those causes. It may well be that a violation of § 11-43-54 constitutes “corruption in office” or is an “offense involving moral turpitude.” But certainly no such finding could be made solely on the basis of the pleadings, affidavits, depositions and exhibits filed by the parties.
Such a determination must be made by the trier of fact and must include two findings. First, scienter must be found to exist. Scienter means knowingly. The word is often used to denote guilty knowledge. Morissette v. United States, 342 U.S. 246, 252, 72 S.Ct. 240, 96 L.Ed. 288 (1952); Black’s Law Dictionary, p. 1512 (4th Ed. 1968). Second, corrupt intent or motive must be found to exist. That is the act must be done with evil motive, in bad faith or not honestly. See generally, State v. Schultz, 71 N.J. 590, 367 A.2d 423 (1976) (defining corruption showing misconduct in office). As to intent see Walker v. Woodall, 288 Ala. 510, 262 So.2d 756 (1972); Whiddon v. State, 53 Ala.App. 280, 299 So.2d 326 (Crim.App.1973). For a general discussion of scienter and its relationship to intent see State v. Roufa, 241 La. 274, 129 So.2d 743 (1961); 2 Wigmore on Evidence, § 300, pp. 192-93, 3d Ed.
Applying these requirements to the case at bar, we hold that in order to be impeached under § 11 — 43-54, the councilman must know that a special interest of his, his employer or his employee is being voted on (scienter), and he must intend to benefit that interest by his vote (corrupt intent).
Accordingly the judgment is reversed and the case remanded.
REVERSED AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.