ALMON, Justice.
John and Mary Gibson filed this action against Gulf Sun Properties, Inc., Ralph Murphy, and Marlyne Harrison, alleging fraud and unjust enrichment in connection with a real estate transaction. After a bench trial on the merits, the circuit court rendered a judgment in favor of the Gib-sons in the amount of $10,800. Only Mar-lyne Harrison has appealed.
The Gibsons met Harrison, who was a licensed realtor working for Gulf Sun Properties, in the summer of 1984, when they were considering the purchase of a condominium. In 1985, after looking at several condominium developments, the Gibsons sought to purchase unit 301 of Lagoon Landing Condominium in Gulf Shores, Alabama. Harrison had showed the unit to the Gibsons, and, after preliminary negotiations, she facilitated their execution of a purchase agreement. On February 24, 1985, the Gibsons signed the purchase agreement on unit 301 and paid $1,000 as a down payment. Ten days later, on March 6, the Gibsons paid to Gulf Sun Properties an additional down payment on the unit of $9,800.
It is undisputed that, at the time the Gibsons paid this money, Harrison assured them that the money would be held in escrow until closing and that, if for some reason the sale did not close, the money would be refunded. Both checks were made payable to “Gulf Sun Properties, Inc., Escrow Account.” Harrison deposited the checks in the account that Gulf Sun Properties had established in that name.
The Gibsons stipulated in the purchase agreement that the closing was contingent upon completion of a few minor repairs and a more substantial repair, to their satisfaction, of a slant in the floor of the dining room. On several occasions, agents of Gulf Sun Properties told the Gibsons that the floor had been repaired, but the Gib-sons testified that they were never satisfied with the repairs. On the eve of the closing date, the Gibsons drove from Tuscaloosa to Lagoon Landing. They testified that when they arrived they found, once again, that the floor had not been repaired, and they were told that it would not be repaired for six more months. A closing was scheduled for the following morning, but it was cancelled because some of the necessary documents were still unavailable. The Gibsons returned to Tuscaloosa and decided that they would not buy the condominium unit because of the problem with the floor. Gulf Sun Properties refused to return their down payment, and the Gib-sons filed this action.
The issue in this appeal is whether the trial court erred in entering judgment in favor of the Gibsons against Harrison, who had represented to them that the down payment would be deposited into escrow and returned if the sale did not close. The standard in this regard was stated in Cupps v. Upton, 489 So.2d 544, 547 (Ala. *259 1986): “Where the trial court bases its findings on evidence presented ore tenus, its findings are entitled to a presumption of correctness and will not be disturbed on appeal unless plainly and palpably wrong or manifestly unjust.”
As the Court said in Walker v. Woodall, 288 Ala. 510, 513, 262 So.2d 756, 759 (1972):
“In order for a promise to constitute a fraudulent representation it is necessary that it have been made with the intent not to perform the act. Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314; Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So. 2d 23.
“Intent is an act or emotion of the mind seldom, if ever, capable of direct proof, but is determined by such just and reasonable deductions from the acts and facts presented as the guarded judgment of a reasonably prudent and cautious man would draw therefrom. Hagerty v. Hagerty, 186 Iowa 1329, 172 N.W. 259, 260. Intent is a matter peculiarly within the province of the trier of facts, in this case the jury.
“In Turner v. Biscoe, 141 Tex. 197, 171 S.W.2d 118, 119, the Texas court stated:
“The governing principles of law are familiar. A person’s intention is a matter of fact. When a promise is made the promisor expressly or by necessary implication states that he then has a present intention to perform, and if such intention does not actually exist at that time, a false statement of fact has been made upon which fraud may be predicated. The gist of the fraud is deception as to an existing fact, namely, the state of the promisor’s mind. That fact may be established by circumstantial evidence taken in connection with the breach alone.’ ”
See also Old Southern Life Insurance Co. v. Woodall, 295 Ala. 235, 326 So.2d 726 (1976).
The Court defined promissory fraud in Coastal Concrete Co. v. Patterson, 503 So.2d 824, 826 (Ala.1987), as follows:
“ ‘Fraud’ is defined as (1) a false representation (2) of a material existing fact (3) relied upon by the plaintiff (4) who was damaged as a proximate result of the misrepresentation. Earnest v. Pritchett-Moore, Inc., 401 So.2d 752 (Ala.1981). If fraud is based upon a promise to perform or abstain from performing in the future, two additional elements must be proved: (1) the defendant’s intention, at the time of the alleged misrepresentation, not to do the act promised, coupled with (2) an intent to deceive. Clanton v. Bains Oil Co., 417 So.2d 149 (Ala.1982).”
It is clear from the facts presented at trial that Harrison represented that the money would be held in escrow, when in fact she was aware that she and all of the officers of Gulf Sun Properties could sign on the account in which the Gibsons’ funds were deposited. Harrison also testified that she was aware at the time she took the Gibsons’ checks that Gulf Sun was having financial difficulty. Finally, Harrison represented that the floor would be repaired before closing and that the funds would be returned if the conditions of the contract were not satisfied.
After reviewing the trial record, this Court holds that there is evidence from which the trial court could reasonably have inferred that Harrison fraudulently represented that the money would be held in escrow and returned if the sale did not close. Intent to deceive and intent not to perform at the time a promise is made can seldom be proven directly, and there is sufficient circumstantial evidence in the present case for the trial court to conclude that Harrison committed promissory fraud.
For the above-stated reasons, the judgment of the circuit court is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.